Filed 5/27/26  P. v. Sanchez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL ORTEGA SANCHEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B343297<br>(Super. Ct. No. VA092307)<br>(Los Angeles County) |

Gabriel Ortega Sanchez appeals from the order denying his petition for resentencing.  (Pen. Code,[1] § 1172.6.)  He contends the trial court erred when it summarily denied his petition without appointing counsel, obtaining briefs, or holding a hearing.  He also contends the record before the trial court did not support the conclusion that he was ineligible for relief as a matter of law.  We affirm.

---

[1] Undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL HISTORY

In 2007, Ortega Sanchez was convicted at a jury trial of charges including attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664, subd. (a)). We affirmed the judgment. (*People v. Ortega Sanchez* (May 8, 2008, B197529) [nonpub. opn.].) Following correction of the abstract of judgment, Ortega Sanchez was sentenced to life with the possibility of parole plus a determinate sentence of nine years.

In 2024, Ortega Sanchez filed a form petition for resentencing (§ 1172.6). In his petition, Ortega Sanchez checked boxes reciting the statutory requirements for relief and requested counsel be appointed. (§ 1172.6, subds. (a)(1)–(3), (b)(1).)

Exhibits attached to the petition included a narrative entitled "Story of my crime." It stated Ortega Sanchez waited for his wife to arrive at work, went inside with her, and begged her to return home. When she refused, he grabbed and squeezed her neck, hit her in the head, and threw her "very hard" into a piece of furniture. She fell to the ground and was bleeding "a lot." He also stated he thought he had killed her and "it is all my fault." Also attached to the petition was an "Introductory Letter for Transitional Housing." In it, Ortega Sanchez stated, "I tried to kill my spouse" because he was jealous, and "I attempted to kill her."

The trial court summarily denied the petition without appointing counsel, obtaining a response from the prosecutor, or setting a hearing. The order stated in part, "The record of conviction in this case establishes conclusively that the petitioner is ineligible for relief." It further stated, "The jury was not instructed on either natural and probable consequences or felony murder."

## DISCUSSION

### *Natural and probable consequences*

Historically, a defendant could be convicted of attempted murder without a finding of malice "under the theory that the defendant aided and abetted a crime where murder was a natural and probable consequence." (*People v. Estrada* (2024) 101 Cal.App.5th 328, 336.) This was because the direct perpetrator's " 'intent to kill' was imputed" to the accomplice if "attempted murder was a natural and probable consequence of [the accomplice's] intent to participate in the target offense." (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007–1008.)

Section 1172.6 allows a petition for resentencing by "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a) [previously § 1170.95], as amended by Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.) "[W]ith respect to attempted murder, section 1172.6 affords relief only to a person convicted under the natural and probable consequences doctrine." (*People v. Muhammad* (2024) 107 Cal.App.5th 268, 276.) Relief is not available to the "direct perpetrator of crime." (*Id.* at p. 277.)

### *Section 1172.6 procedure*

A petition for resentencing an attempted murder conviction must include a declaration by the petitioner that: (1) an accusatory pleading was filed "that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine," (2) "[t]he petitioner was convicted of . . . attempted murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder," and (3) "[t]he petitioner could not presently be convicted of murder or

3

attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subds. (a), (b)(1)(A).) Upon the filing of a facially valid petition, the trial court must appoint counsel if requested by petitioner. (§ 1172.6., subd. (b)(3).) The prosecutor shall then file a response, the petitioner may serve a reply, and "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) At that hearing the court may examine the record of conviction to determine if the petitioner has made a prima facie showing that they are eligible for relief. (*People v. Patton* (2025) 17 Cal.5th 549, 557.)

We decline to accept the Attorney General's concession that the trial court erred by not appointing counsel, obtaining briefing, or holding a hearing. As we concluded in *People v. Hurtado* (2023) 89 Cal.App.5th 887, 893, no error occurred because the review of the petition and the record of conviction established that Ortega Sanchez was not eligible for relief as a matter of law. The trial court properly exercised its "authority to promptly screen out petitions by categorically ineligible defendants." (*Id.* at p. 892.)

*Judicial notice*

We grant the Attorney General's request that we take judicial notice of the record of the direct appeal of the conviction. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a); *People v. Burns* (2023) 95 Cal.App.5th 862, 865, fn. 3.) Because we review de novo whether Ortega Sanchez made a prima facie case for relief, we are not limited to the parts of the record of conviction considered by the trial court. (*People v. Flores* (2023) 96

4

Cal.App.5th 1164, 1170 [record augmented to include jury instructions, closing arguments, and verdicts].)

*Ineligibility for relief*

The petition contained conflicting information as to whether Ortega Sanchez was eligible for relief. It alleged that the prosecution was able to proceed on a theory of natural and probable consequences and he could not presently be convicted of attempted murder due to changes in sections 188 and 189. But the petition also included the "Story of my crime" and "Introductory Letter for Transitional Housing" that relate a narrative in which Ortega Sanchez alone committed the crime.

The jury instructions did not include aiding and abetting or natural and probable consequences. To the contrary, the jury was instructed that attempted murder required that "[t]he defendant took at least one direct but ineffective step toward killing another person" and "[t]he defendant intended to kill that person." Because " 'the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied.' " (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1245.)

To determine the theories presented to the jury we also consider the prosecutor's closing argument. (*People v. Estrada* (2022) 77 Cal.App.5th 941, 948.) The prosecutor did not rely on natural or probable consequences or any theory that another perpetrator was involved. The prosecutor argued instead that Ortega Sanchez put his hand around the victim's neck, "squeeze[d]," put her in a choke hold, and, while she was unconscious, inflicted an injury to her face that caused bleeding. The prosecutor also described testimony that after the attack

5

Ortega Sanchez said he thought he killed her.

Nothing in the record of conviction suggests that any perpetrator other than Ortega Sanchez was involved. "[A] petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." (*People v. Patton*, *supra*, 17 Cal.5th at p. 557.) "If a petitioner who files a facially valid petition fails . . . to make a prima facie showing, then the court denies the petition and provides no relief." (*Id.* at p. 562.) Here, because " 'the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," . . . "the court [was] justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The record of conviction, which the trial court referred to in its ruling, establishes that Ortega Sanchez was the direct and sole perpetrator of attempted murder.

Because Ortega Sanchez was ineligible for relief as a matter of law, the petition was properly denied. He is not entitled to relief because he has not shown that " ' "it is reasonably probable that if [he . . .] had been afforded assistance of counsel his . . . petition would not have been summarily denied without an evidentiary hearing." ' " (*People v. Lewis*, *supra*, 11 Cal.5th at p. 974; see *People v. Hurtado*, *supra*, 89 Cal.App.5th at pp. 892–893.)[2]

_____

[2] Because Ortega Sanchez failed to make a prima facie showing of eligibility for resentencing, we reject his contention that his right to due process was violated. (*People v. Muhammad*, *supra*, 107 Cal.App.5th at p. 282; *People v. Hurtado*,

DISPOSITION

The order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



YEGAN, Acting P. J.



CODY, J.

---

*supra*, 89 Cal.App.5th at p. 892.)

Debra Cole-Hall, Judge

Superior Court County of Los Angeles

_____

Allen G. Weinberg, under appointment by the Court of
Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief
Assistant Attorney General, Susan Sullivan Pithey, Assistant
Attorney General, Zee Rodriguez and Lauren Sanchez, Deputy
Attorneys General, for Plaintiff and Respondent.